UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| BARBARA KELLY f/k/a BARBARA KENNEDY, and ALFATAH KENNEDY,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>HOEGH AUTOLINERS SHIPPING PTE, LTD., HOEGH AUTOLINERS, INC., HOEGH AUTOLINERS SHIPPING AS, and/or HOEGH AUTOLINERS MANAGEMENT AS, as owner of the vessel Hoegh Masan voy. 66,<br><br>　　　　　　Defendants. | Civil Action No.<br><br>**OPINION & ORDER**<br><br>2:18cv8599 ES-SCM<br><br>**[D.E. 41]** |

STEVEN C. MANNION, United States Magistrate Judge.

　　　Before this Court is defendant Hoegh Autoliners Shipping PTE, LTD's ("Hoegh PTE") motion to dismiss for insufficient process, insufficient service of process, and lack of personal jurisdiction.[1] Plaintiffs Barbara Kelly and her husband Alfatah Kennedy (together, "the Kennedys") oppose and informally request additional time for discovery and service of process. For the reasons set forth herein, the Kennedys' informal motion for additional time for service of process and time for jurisdictional discovery are granted. Hoegh PTE's motion to dismiss is

---

[1] (ECF Docket Entry No. ("D.E.") 41, Notice of Motion). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

administratively terminated without prejudice to refiling after completion of jurisdictional discovery.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 18, 2015, Barbara Kennedy was injured while working as a harbor worker for Ports America, Inc. aboard the Motor Vessel Hoegh Masan Voy. 66 ("the Vessel") while it was docked in Port Newark, New Jersey.[2] As a result of these injuries, she and her husband brought this action pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA")[3] against Hoegh PTE, Hoegh Autoliners Shipping ("Hoegh Shipping"), Hoegh Autoliners, Inc. ("Hoegh Autoliners"), and Hoegh Autoliners Management AS ("Hoegh Management").[4]

It is not disputed that Hoegh PTE, a Singapore corporation, is the title owner of the Vessel.[5] The Kennedys allege that Hoegh PTE or one of the other Hoegh entities was in possession or control of the Vessel at the time of her injury.[6] It was Hoegh PTE's practice to tie down vehicles being transported across the ocean.[7] The Vessel's crew was responsible for removing the tie downs and stowing them before the stevedores boarded to remove the vehicles.[8] Mrs. Kennedy tripped and fell over a tie that was not properly stowed before she boarded to move vehicles.[9]

---

[2] (D.E. 25, Sec. Amend. Complt. ¶ 1).

[3] 33 U.S.C. § 905(b).

[4] (D.E. 25, Sec. Amend. Complt. ¶ 1).

[5] (D.E. 26, Ans. ¶¶ 5, 10).

[6] (D.E. 25, Sec. Amend. Complt. ¶ 10).

[7] (D.E. 25, Sec. Amend. Complt. ¶ 12).

[8] (D.E. 25, Sec. Amend. Complt. ¶¶ 12-15).

[9] (D.E. 25, Sec. Amend. Complt. ¶¶ 19-22).

The Second Amended Complaint was filed with the consent of the parties.[10] The Hoegh Defendants answered on the same date[11] and the parties stipulated to the dismissal of Hoegh Autoliners, Hoegh Shipping, and Hoegh Management.[12] An order dismissing those parties with prejudice was entered on June 19, 2019, leaving Hoegh PTE as the sole remaining defendant.[13]

On November 11, 2019, Hoegh PTE moved to dismiss.[14] The Kennedys have opposed.

## II.   MAGISTRATE JUDGE AUTHORITY

Magistrate judges may ready dispositive motions for resolution by report and recommendation, but are authorized to decide any non-dispositive motion designated by the Court.[15] This District blanketly specifies that magistrate judges may determine all non-dispositive pre-trial motions.[16] Non-dispositive motions include motions for jurisdictional discovery[17] and motions for extension of time for service of process.[18]

---

[10] (D.E. 24, Stip.).

[11] (D.E. 26, Ans.).

[12] (D.E. 27, Stip.).

[13] (D.E. 29, Order of Dismissal).

[14] (D.E. 41).

[15] 28 U.S.C. § 636(b)(1)(A).

[16] L. CIV. R. 72.1(a)(1); 37.1.

[17] *Vandeveire v. Newmarch*, 2013 WL 6054804, at *3, 2013 U.S. Dist. LEXIS 162851 (D.N.J. Nov. 15, 2013).

[18] *Klagsburn v. Va'ad Harabonim,* 53 F. Supp.2d 732, 733 n.1 (D.N.J. 1999).

## III.    LEGAL STANDARD AND ANALYSIS

This action concerns claims by a harbor worker for negligence against the title owner of the vessel on which she was injured.[19] The LHWCA provides in pertinent part:

> (b) In the event of injury to a person covered under this Act caused by the negligence of a vessel, then such person … may bring an action against a vessel as a third party....[20]

The Act did not "specify the acts or omissions of the vessel that would constitute negligence," the bounds of a vessel's duty are "left to be resolved through the 'application of accepted principles of tort law and the ordinary process of litigation.'"[21]

Shipowners owe a duty to exercise ordinary care in turning over a vessel to the stevedoring contractor.[22] This includes a duty to "warn of latent defects in the cargo stow and cargo area" of "hazards that are not known to the stevedore and that would be neither obvious to nor anticipated by a skilled stevedore in the competent performance of its work."[23] For these reasons, the turn over duty is "narrow when the alleged defect occurs in the cargo stow or cargo area (an area typically within the purview of the stevedores)…."[24]

---

[19] *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 96, 114 S. Ct. 2057, 2062, 129 L. Ed. 2d 78 (1994) (citations omitted).

[20] 33 U.S.C. § 905(b).

[21] *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 165-66 (1981).

[22] *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98, 114 S. Ct. 2057, 2063, 129 L. Ed. 2d 78 (1994) (citing *Scindia Steam*, 451 U.S., at 167, 101 S.Ct., at 1622).

[23] *Howlett*, 512 U.S. at 105, 114 S. Ct. at 2067, 129 L. Ed. 2d 78 (citations *Scindia Steam*, 451 U.S., at 167, 101 S.Ct., at 1622).

[24] *Jones v. Sanko S.S. Co., Ltd*, 148 F.Supp.3d 374, 388 (D.N.J. 2015).

A vessel owner, however, will not have liability if the vessel was within the possession and control of a bareboat charterer.[25] A "bareboat charterer" (a/k/a demissee or owner *pro hac vice*) is one who assumes "full possession and control of" a vessel in "bare" condition for a period of time and provides a crew to navigate and maintain it in seaworthy condition.[26] "It has long been recognized in the law of admiralty that… the bareboat charterer is to be treated as the owner" and is "personally liable for the unseaworthiness of a chartered vessel…."[27] "Because the bareboat charterer stands in the shoes of the owner, the bareboat charterer assumes the duties and responsibilities appurtenant to ownership, and the owner is relieved of the same."[28]

Conversely, a "time charterer" obtains use of a vessel for a fixed charter period during which the vessel owner (or owner *pro hac vice*) retains control of the vessel.[29] If there is a dispute whether a charter is a bareboat or a time charter, a time charter "is presumed to exist as a matter of law and such presumption may be overcome only by specific facts showing a demise charter existed."[30]

---

[25] *Rose v. Chaplin Marine Transp., Inc.*, 895 F. Supp. 856, 859 (S.D.W. Va. 1995).

[26] *Reed v. S. S. Yaka*, 373 U.S. 410, 412–13, 83 S. Ct. 1349, 1351–52, 10 L. Ed. 2d 448 (1963); *Jones v. Sanko Steamship Co., Ltd*, 148 F. Supp. 3d 374 (D.N.J. 2015) (citing *Dougherty v. Navigazione San Paolo, S.P.A. Medafrica Line*, 622 F. Supp. 1, 1 (E.D. Pa. 1984)).

[27] *Reed,* at 412–13, 83 S. Ct. at, 1351–52, 10 L. Ed. 2d 448; *Jones v. Sanko Steamship Co., Ltd*, 148 F. Supp. 3d 374 (D.N.J. 2015) (citing *Dougherty v. Navigazione San Paolo, S.P.A. Medafrica Line*, 622 F. Supp. 1, 1 (E.D. Pa. 1984)).

[28] *Rose v. Chaplin Marine Transp., Inc.*, 895 F. Supp. 856, 859 (S.D.W. Va. 1995).

[29] *Id.* (citing *Dougherty*, 622 F. Supp. at 1); *Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1215 (5th Cir. 1993).

[30] *Wolsiffer v. Atlantis Submarines, Inc.*, 848 F.Supp. 1489, 1494 (D.Haw.1994) (citing *Gaspard v. Diamond M. Drilling Co.*, 593 F.2d 605, 607 (5th Cir.1979)).

A. Insufficient Process & Insufficient Service of Process

A court obtains personal jurisdiction over a defendant through the filing of a complaint, issuance of a summons by the clerk of court, and effective and timely service of the summons and complaint on the defendant.[31] The plaintiff must therefore obtain a summons from the clerk of court for the court to obtain jurisdiction over a defendant.[32] "The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case."[33]

A defendant may move to dismiss on grounds of insufficient process.[34] Such motions challenge the absence or form of process rather than the method of service. The Federal Rules require the plaintiff have the summons and complaint served upon the defendant within 90 days, otherwise:

> the court ... shall dismiss the action without prejudice ... or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.[35]

The Kennedys failed to comply with the Federal Rules by not obtaining a summons. They failed to correct that error within the 90 days allowed. Then, even in the face of Hoegh PTE's motion to dismiss they doubled down by making no effort to comply with Rule 4. Plaintiffs are

---

[31] *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996).

[32] *Id.*

[33] *Id.*

[34] Fed.R.Civ.P. 12(b)(4).

[35] Fed.R.Civ.P. 4(m).

responsible for service and bear the burden of proving sufficient service of process.[36] The 90-day service period began on June 13, 2019 when Hoegh PTE was added to the case.[37] That deadline expired on September 12, 2019. The Kennedys admit that they have not served Hoegh PTE.

The Kennedys argue that Hoegh PTE waived service by consenting to the filing of their pleading and appearing in the case. Insufficient process and insufficient service of process are waived if, not either asserted by motion before a responsive pleading or if not preserved in the defendant's answer.[38] The defense is not waived by a defendant because it appeared in the case, engaged in discovery, attended scheduling conferences, and consented to the filing of an amended pleading.[39] The Court finds that Hoegh PTE has not waived its insufficient process or insufficient service of process defenses.

The Court must now determine whether dismissal or an extension to serve is most appropriate. An extension must be granted if the plaintiff has shown good cause for the delay.[40] Here, the Kennedys point only to their reliance upon counsel's belief that service was not required

---

[36] *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").

[37] *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir.2004).

[38] See Fed.R.Civ.P 12(h)(1)(B); see also *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir.1998); *Rabovsky v. Air & Liquid Sys. Corp.*, No. CIV.A. 10-3202, 2012 WL 876752, at *2 (E.D. Pa. Mar. 13, 2012).

[39] *Ayres*, 99 F.3d at 568; *Fehl v. Manhattan Ins. Grp.*, No. 11-CV-02688-LHK, 2012 WL 1831584, at *3 (N.D. Cal. *May* 18, 2012); *Rojek v. Catholic Charities, Inc.*, No. 08-14492, 2009 WL 3834013, at *6 (E.D. Mich. Nov. 16, 2009).

[40] *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995) ("If good cause is present, the district court must extend time for service and the inquiry is ended.") ("We read [Rule 4] to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause.").

because Hoegh PTE entered an appearance in the case. The Third Circuit has been clear that inadvertence, "half-hearted" efforts, and misplaced reliance does not constitute good cause.[41] The Court therefore does not find good cause for the Kennedys' six-month delay.

Nonetheless, even absent good cause, courts "must consider whether any other factors warrant extending time [for service]."[42] Those factors include "(1) actual notice of the action; (2) prejudice to the defendant; (3) statute of limitations; (4) conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other relevant factor."[43]

This case is similar to *Fehl v. Manhattan Ins. Grp.*, wherein the plaintiff risked dismissal of its case due to its failure to serve a summons on the defendant company.[44] Like the Kennedys, the *Fehl* plaintiff argued in favor of waiver based on the defendant company having entered an appearance in the case.[45] The *Fehl* Court determined that filing an appearance in a case alone does not excuse a plaintiff from executing proper service on defendants.[46] However, the Court in *Fehl*

---

[41] *See*, e.g., *Petrucelli*, 46 F.3d at 1307 (inadvertence, "half-hearted" efforts, and misplaced reliance does not constitute good cause).

[42] *Veal v. U.S.*, 84 F. App'x 253, 256 (3d Cir. 2004) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995)) (internal quotation marks omitted)).

[43] *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, No. CV 16-665, 2017 WL 2242859, at *2 (E.D. Pa. May 23, 2017) (quoting *Metro. Life Ins. Co. v. Kalenvitch*, No. 10-2108, 2011 WL 2941297, at * 2 n.1 (M.D. Pa. July 20, 2011); accord *Chiang v. U.S. Small Bus. Admin.*, 331 Fed.Appx. 113, 116 (3d Cir. 2009); *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 527-28 (M.D. Pa. 2010)). See *Chiang*, 331 F. App'x at 116; *Fehl v. Manhattan Ins. Grp.*, No. 11-CV-02688-LHK, 2012 WL 1831584, at *3 (N.D. Cal. May 18, 2012).

[44] *Fehl v. Manhattan Ins. Grp.*, No. 11-CV-02688-LHK, 2012 WL 1831584, at *3 (N.D. Cal. May 18, 2012).

[45] *Id.*

[46] *Id.*

8

granted an extension of time for the plaintiff to serve the defendant company with a summons where, as is also the case here, the length of the delay was approximately 6 months and was based on the plaintiff's mistaken, but not completely unreasonable, belief that the defendant company waived its objection.[47] Although incorrect, the Kennedys' reliance is understandable.

First, the filing of the Second Amended Complaint was done on consent by all parties, including counsel for the remaining defendant – Hoegh PTE.[48] Second, the corporate entities who have been dismissed from this case and Hoegh PTE are related entities, thereby increasing the likelihood of confusion. Additionally, although the three year statute of limitations for maritime torts has run in this case,[49] Hoegh PTE has known about this litigation as reflected in its inclusion in the Answer- filed in response to the Second Amended Complaint,[50] has participated in this matter ever since, and was included in the stipulation wherein all defendants were dismissed, leaving it as the sole defendant in this case.[51] These facts in addition to Hoegh PTE's conduct and participation in discovery upon entering the case, allows the Court to understand the Kennedys' stance on the issue of waiver. Further, in light of the above facts, it does not seem that Hoegh PTE will be unduly prejudiced by allowing the Kennedys additional time to serve the summons.

---

[47] *Id.*

[48] (D.E. 24, Stip.).

[49] *See* 46 U.S.C. §30106.

[50] (D.E. 26, Ans.).

[51] (D.E. 27, Stip.)

The Kennedys will be ordered to request a summons from the clerk and have it served with the Second Amended Complaint or risk dismissal of Hoegh PTE from this action.

## III. SPECIFIC JURISDICTION

A. Specific Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction over the moving defendant by a preponderance of the evidence.[52] "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."[53] Nevertheless, the plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state" to support a finding of jurisdiction.[54] These "jurisdictional facts [must be established by the plaintiff] through sworn affidavits or other competent evidence…. [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction."[55] The plaintiff's opposition must present "actual proofs"; "affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry."[56] If the plaintiff

---

[52] *Control Screening LLC v. Technological Application and Production Co. (TECAPRO), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012); *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).

[53] *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

[54] *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

[55] *Miller Yacht Sales*, 384 F.3d at 101 n.6 (citation and internal quotation marks omitted).

[56] *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

satisfies its burden, the defendant must then make a compelling case that it would be unreasonable for the court to exercise jurisdiction.[57]

Personal jurisdiction over foreign defendants may only be exercised to the extent authorized by the laws of the state's long-arm statute.[58] New Jersey's long-arm rule permits personal jurisdiction to the extent permitted by the Constitution.[59] The Fourteenth Amendment requires "individuals to have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign."[60]

Consequently, this district may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[61] To determine whether sufficient minimum contacts exist, the court looks at "the relationship among the defendant, the forum, and the litigation."[62]

Personal jurisdiction can be established through specific or general jurisdiction.[63] The

---

[57] *Mellon Bank*, 960 F.2d at 1226 (internal citations omitted).

[58] *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); *Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 31 (3d Cir. 1993).

[59] *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992); *IMO Indus. Inc. v. Kiekert AG,* 155 F.3d 354, 259 (3d Cir. 1998).

[60] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

[61] *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[62] *Pinker v. Rosche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

[63] *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15, nn. 8–9 (1984).

Third Circuit uses the following three-part test for specific jurisdiction: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice.[64] To establish specific jurisdiction, a plaintiff must show that the defendant "has purposefully directed its activities toward the residents of the forum state, . . . or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'"[65]

The Third Circuit has held that a foreign vessel owner is not subject to personal jurisdiction simply because its vessel docked in New Jersey.[66] Courts have, however, found specific jurisdiction against foreign vessel owners in a variety of other circumstances: where a vessel owner is responsible for the tortious actions of the vessel's crew;[67] if the vessel owner exercised decision making control regarding the movement and condition of the vessel at the time of the tortious conduct;[68] and also if the vessel owner was aware, at the time it entered its charter contract, that the charterer intended to take the ship to that jurisdiction.[69]

---

[64] *O'Connor*, 496 F.3d at 317 (internal citations and quotation omitted).

[65] *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

[66] *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 286 (3d Cir. 1981).

[67] *Mylonakis v. M/T GEORGIOS M.*, 909 F. Supp. 2d 691, 709 (S.D. Tex. 2012) (citing *Ortega v. Seaboard Marine Ltd.*, 400 F.Supp.2d 987, 990 (S.D.Tex.2005) ("Because Patt Manfield employed the captain and crew, it cannot escape litigation arising out of the allegedly tortious acts of those employees acting within the scope of their employment.")).

[68] *Torres de Maquera v. Yacu Runa Naviera, S.A.*, 107 F. Supp. 2d 770, 777 (S.D. Tex. 2000).

[69] *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 420 (5th Cir.1993); *Loftin v. Maritime Overseas Corp.*, No. A94–011–CIV (JWS), 1994 WL 750603, at *2 (D.Alaska June 27, 1994)

12

B. Sufficiency of the Alleged Tortious Conduct

The Kennedys must establish a *prima facie* case of personal jurisdiction over Hoegh PTE and they are entitled to have their allegations taken as true and all factual disputes drawn in their favor.[70] It is not disputed that Hoegh PTE, a Singapore corporation, is the title owner of the Vessel.[71] The Kennedys have not alleged any facts to support general jurisdiction over Hoegh PTE. They are alleging specific jurisdiction based upon allegedly tortious conduct within New Jersey. A foreign corporation is subject to personal jurisdiction where tortious injury results from its tortious conduct within the state.[72]

The Second Amended Complaint alleges that Hoegh PTE was in possession or control of the Vessel and it was Hoegh PTE's practice to tie down vehicles being transported across the ocean.[73] The Vessel's crew was responsible for removing the tie downs and stowing them before the stevedore's boarded to remove the vehicles.[74] Mrs. Kennedy tripped and fell over a tie down

---

(finding specific jurisdiction against a vessel owner because that defendant "knew full well" that the ships, which had been chartered to a third party, would sail to Valdez, Alaska to deliver and on-load crude oil).

[70] *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

[71] (D.E. 26, Ans. ¶¶ 5, 10).

[72] *See Hess v. Pawloski*, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927); *Elkhart Engineering Corp. v. Dornier Werke*, 343 F.2d 861, 868 (5th Cir.1965) ("We therefor[e] hold that Alabama may, consistent with the due process clause of the Fourteenth Amendment, assert jurisdiction over a non-resident, non-qualifying corporation in suits on a claim of liability for tortious injury arising out of activity of the non-resident within the state, even though only a single transaction is involved, and regardless of whether the activity is considered dangerous.").

[73] (D.E. 25, Sec. Amend. Complt. ¶ 11).

[74] (D.E. 25, Sec. Amend. Complt. ¶¶ 12-15).

that the Vessel's crew failed to properly stow before she boarded to move vehicles.[75]

However, in the face of Hoegh PTE's motion, the Kennedys were obligated to establish these "jurisdictional facts" "through sworn affidavits or other competent evidence…" rather than rely upon "the bare pleadings…."[76] With the exception of establishing that Hoegh PTE is the Vessel' title owner, the Kennedys have not properly supported any of their allegations.

Conversely, Hoegh PTE filed a declaration from one of its' directors stating as follows: It is a Singapore corporation, and a subsidiary of Hoegh Management, a Norwegian corporation.[77] Hoegh PTE does not have offices in New Jersey, is not registered to do business here, and has no assets, employees, or accounts here.[78] Hoegh PTE owns the Vessel but is not involved in its daily operations.[79] Hoegh PTE did not employ any officers or crew aboard the Vessel or any staff with responsibilities set forth in the Vessel's Cargo Quality Manual or its Cargo Securing Manual. Most importantly, the declaration stated that Hoegh PTE (f/k/a Maersk Shipping PTE Ltd) has "time-chartered" the Vessel since March 2008 to Hoegh Shipping." [80]

In opposition, the Kennedys rely upon the bare allegations in the Second Amended Complaint and the declaration from their counsel. Case law is clear that a plaintiff cannot "rely on the bare pleadings alone in order to withstand a defendant's … motion to dismiss for lack of *in*

---

[75] (D.E. 25, Sec. Amend. Complt. ¶¶ 15-20).

[76] *Miller Yacht Sales*, 384 F.3d at 101 n.6 (citation and internal quotation marks omitted).

[77] (D.E. 43, Guttormsen Declaration ¶¶ 1-2).

[78] *Id.* at ¶ 12.

[79] *Id.* at ¶ 7-11.

[80] *Id.* at ¶ 6.

*personam* jurisdiction."[81] So, that leaves the declaration from the Kennedys' counsel.

Attached to that declaration were numerous documentary exhibits without any reference to the respective documents to support their individual inclusion in the motion record on the personal knowledge of counsel.[82] For example, attached are documents purporting to be a "Hoegh Autoliners Cargo Quality" manual, a M/V Hoegh Masan Deck Log, and a M/V Hoegh Masan Injury Report.[83] Counsel's declaration, however, does not specifically reference any of these documents or their source(s). The Court has no way of knowing what entity originated the documents or which defendant, if any, produced these records in discovery. Counsel has not identified any deposition testimony or other competent evidence to link these three documents to Hoegh PTE versus any of the Hoegh entities voluntarily dismissed by the Kennedys. The Court therefore has no choice but to *sua sponte* strike each of these three exhibits.

Without more, it is clear the Kennedys have not met their burden to oppose Hoegh PTE's motion with competent evidence. However, the Hoegh PTE director's declaration is in conflict. He describes the charter as giving Hoegh Shipping exclusive possession and control as in a bareboat charter, but characterized the charter as a 'time charter,' which would mean that Hoegh PTE still had possession and control of the Vessel while it was within Port Newark. Case law dictates that if there is a dispute whether a charter is a bareboat or a time charter, a time charter "is presumed to exist as a matter of law and such presumption may be overcome only by specific facts

---

[81] *Miller Yacht Sales*, 384 F.3d at 101 n.6 (citation and internal quotation marks omitted).

[82] See Local Civil Rule 7.2; see *Cancel v. New York City Human Res. Admin./Dep't of Soc. Servs.*, No. 11-CV-9725 PKC, 2014 WL 5508487, at *4 (S.D.N.Y. Oct. 31, 2014), aff'd, 634 F. App'x 843 (2d Cir. 2015), and aff'd, 634 F. App'x 843 (2d Cir. 2015).

[83] (D.E. 50-10; 50-11; and 50-12).

showing a demise charter existed."[84] Consequently, the Court must allow limited jurisdictional discovery to flesh out this issue.

## III. CONCLUSION

For the reasons articulated above, the Kennedys' informal motion for additional time for service of process and time for jurisdictional discovery are **GRANTED**. Hoegh PTE's motion to dismiss is **ADMINISTRATIVELY TERMINATED** without prejudice to requesting leave to refiling after completion of jurisdictional discovery.

An appropriate order follows.

**ORDER**

**IT IS** on this 12th day of June 2020, **ORDERED** that:

1. The Clerk of the Court shall administratively terminate Defendant's Motion to Dismiss [D.E. 41] without prejudice, allowing a renewed motion upon completion of jurisdictional discovery; and it is further ordered that

2. The parties shall immediately meet and confer to begin limited jurisdictional discovery, wherein Plaintiffs may notice 2 depositions, request 5 interrogatories, and 10 document requests regarding the "time charter" and "bare boat" issue. Defendant's responses to the paper discovery requests shall be provided within 20 days of the request. The parties have 60 days to complete jurisdictional discovery; and it is further ordered that

---

[84] *Wolsiffer v. Atlantis Submarines, Inc.*, 848 F.Supp. 1489, 1494 (D.Haw.1994) (citing *Gaspard v. Diamond M. Drilling Co.*, 593 F.2d 605, 607 (5th Cir.1979)).

3. Plaintiffs have 60 days to obtain a summons and to serve the summons and the amended pleading upon the Defendant.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/12/2020 12:51:25 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

17